**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **SAMUEL TYRONE EVANS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 3:12-CV-61 (CDL)** |
| | : | |
| **IRA EDWARDS, JR.,** *et al.*, | : | |
| | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court are Defendant Wendy Royal's Motion for Summary Judgment (Doc. 19) and Defendant Ira Edwards, Jr.'s Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. 21). Plaintiff Samuel Tyrone Evans has failed to respond to either motion. Because Plaintiff has failed to show that there are genuine issues of material fact regarding Defendants' alleged deliberate indifference to his serious medical needs and because Defendants have shown that they are entitled to judgment as a matter of law, it is hereby **RECOMMENDED** that Defendants' motions be **GRANTED**.

## PROCEDURAL HISTORY

On May 14, 2012, Plaintiff Samuel Tyrone Evans, proceeding *pro se*, filed his Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Sheriff Ira Edwards, Jr. and Nurse Wendy Royal were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Doc. 1. Specifically, Plaintiff alleges that he was denied medical care for his brain injury while he was incarcerated at the Clarke County Jail (CCJ). Id. Following a frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's Eighth Amendment claims to proceed against Defendants Edwards and Royal. Doc. 5.

On October 18, 2012, following the close of discovery, Defendant Royal filed a Motion for Summary Judgment. Doc. 19. The Court then ordered Plaintiff to respond to Defendant Royal's motion within twenty-one days. Doc. 20. On November 14, 2012, Defendant Edwards filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. Doc. 21. The Court again ordered Plaintiff to respond to the motion within twenty-one days. Doc. 23. Plaintiff has failed to respond to either motion. On December 18, 2012, the Court ordered Plaintiff to show cause for his failure to respond to Defendants' motions. Doc. 24. To date, Plaintiff has failed to respond to the Court's order.[1] Plaintiff also failed to respond to Defendant Royal's discovery requests. <u>See</u> Doc. 19. Consequently, it appears that Plaintiff has abandoned his claims. Nevertheless, before entering summary judgment for Defendants, the Court must ensure that summary judgment is warranted under Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE.

<u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant bears the burden of establishing the absence of a dispute over a material fact. <u>Reynolds v. Bridgestone/Firestone, Inc.</u>, 989 F.2d 465, 469 (11th Cir. 1993). The evidence and factual inferences made from the evidence are viewed favorably to the party opposing summary judgment. <u>Reynolds</u>, 989 F.2d at 469.

The moving party must meet its burden even if the non-moving party fails to respond to a motion for summary judgment. Courts "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." <u>United</u>

---

[1] On July 2, 2012, an order sent to Plaintiff at the CCJ was returned as undeliverable. Doc. 13. The Court then sent Plaintiff an order to show cause as to why Plaintiff failed to keep the Court informed of his current mailing address. Doc. 16. On July 10, 2012, Plaintiff responded to the Court's order informing the Court that he had been "in and out" of the CCJ, but that he was back in jail. Doc. 17. No orders from the Court have since been returned as undeliverable.

States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits of an unopposed motion for summary judgment, a court:

> need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

Id. at 1101-02. In other words, the court cannot simply accept the facts stated in a moving party's statement of material facts as true, but must also review the movant's citations to the record and confirm that there are no issues of material fact. Id. at 1103 n. 6. Pursuant to Rule 56(c), the court "need consider only the cited materials, but it may also consider other materials in the record." FED. R. CIV. P. 56(c).

## FACTUAL BACKGROUND

Because Plaintiff has failed to file any response in opposition to Defendants' motions, the Court accepts as accurate and relies upon the assertions contained within Defendants' evidence submitted in support of their motions. The Court must nevertheless view this evidence and all factual inferences drawn from the evidence in the light most favorable to Plaintiff.

According to the Complaint, Plaintiff was incarcerated at the CCJ on April 17, 2012. Doc. 1. Prior to his incarceration, Plaintiff "had [his] nose broke and the bone cartilage was shoved into [his] brain." Id. Plaintiff alleges that this injury caused "bleeding on the brain." Id. Plaintiff states that a surgeon had previously performed surgery on Plaintiff and that Plaintiff was scheduled to undergo additional surgery on April 18, 2012. Id. Plaintiff alleges that he was denied the opportunity to receive the surgery and had his medical condition ignored by Defendant Royal and other medical staff while he was incarcerated at the CCJ. Id. With regard to Defendant Edwards, Plaintiff alleges that he informed Defendant Edwards of his failure to

receive adequate treatment but was ignored. Id. As a result of his inability to receive medical treatment, Plaintiff suffers from headaches, nose bleeds, impaired vision, and severe pain. Id.

The evidence in the record shows that following his arrest, Plaintiff was screened by medical providers at the CCJ on April 18, 2012. Royal Aff. (Doc. 21-3 at 2); Progress Note (Doc. 21-3 at 8). Plaintiff informed medical staff that someone had given him "the kill shot to the nose and a piece of bone went into my brain." Id. Medical staff then assigned Plaintiff to the medical area of the jail for observation. Royal Aff. (Doc. 21-3 at 3). On April 19, 2012, medical staff obtained Plaintiff's medical records from Dr. John Cuff and St. Mary's Hospital. Id.; Progress Note (Doc. 21-3 at 9). Plaintiff's records revealed that he was injured in early April as a result of hitting his head on a table after experiencing a syncopal episode. Id. Plaintiff's return visit to his physician was scheduled for April 9, 2012, rather than for April 18, 2012, as Plaintiff alleges. Id. Plaintiff did not report for an appointment on April 11, 2012, before he was incarcerated. Progress Note (Doc. 21-3 at 10). Defendant Royal reviewed these records and observed that Plaintiff had an uneventful hospital course. Royal Aff. (Doc. 21-3 at 3).

Nurses at the CCJ conducted neurological evaluations on Plaintiff on a regular basis in the following days. Id.; Progress Note (Doc. 21-3 at 10-19). Plaintiff's medical records indicate that no abnormalities were detected. Id. On May 1, 2012, Defendant Royal personally inspected Plaintiff and determined that he was alert and oriented, his pupils were equal, his gait was steady, and there was no need for a referral to a physician at that time. Royal Aff. (Doc. 21-3 at 4); Progress Note (Doc. 21-3 at 13). Defendant Royal states that Plaintiff was monitored on a regular basis and remained in a clinically stable condition during the time period of Plaintiff's complaints. Royal Aff. (Doc. 21-3 at 4). Defendant Royal believes there was no medical reason or justification for Plaintiff to have received any more or different care than he received. Id.

Defendant Royal also states that she did not consult with Defendant Edwards or any other jail staff regarding Plaintiff's medical care. Id.

## DISCUSSION

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs by failing to provide adequate medical treatment while Plaintiff was incarcerated at the CCJ. Plaintiff has failed to show that there are genuine issues of material fact regarding his medical treatment at the CCJ. Because Plaintiff was regularly observed and cared for at the CCJ and because Defendant Royal's treatment methods were a result of her professional medical judgment, Defendants are entitled to judgment as a matter of law.

To create genuine issues of material fact, Plaintiff must point to evidence that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Because Plaintiff was a pretrial detainee at the CCJ, his claims must be examined under the Due Process Clause of the Fourteenth Amendment. Snow ex rel. Snow v. City of Citronelle, Ala., 420 F.3d 1262, 1268 (11th Cir. 2005). The standards to establish a deliberate indifference claim under the Fourteenth Amendment, however, are identical to the standards under the Eight Amendment. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 2005).

To establish deliberate indifference, a prisoner must satisfy both an objective and a subjective component. Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of

a risk of serious harm; (2) disregard of that risk; and, (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Additionally, as with any tort claim, the prisoner must show that an injury was caused by the defendant's wrongful conduct. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

It is not enough, then, to show that the care provided was less than optimal, or that a different course of treatment might have been preferable. The elements required to prove the subjective component of a deliberate indifference claim establish that "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable under 42 U.S.C. § 1983. Taylor, 221 F.3d at 1258. A prisoner cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment" and as such are not actionable. Estelle, 429 U.S. at 105.

In this case, Plaintiff's medical records show that he was provided with adequate medical care and observation by the medical staff at the CCJ. Once Plaintiff informed medical staff of his brain injury, Plaintiff's medical records were obtained and reviewed by Defendant Royal. Due to Plaintiff's medical condition, Plaintiff was housed in the medical unit and observed on a regular basis. Neither Defendant Royal nor any other medical staff member observed any symptoms that would have required further medical care for Plaintiff, and there is nothing in the medical records to indicate that Plaintiff's condition required more extensive treatment. Although Plaintiff may have believed that he was entitled to an advanced level of treatment, a difference of opinion regarding the course of treatment is not sufficient to establish deliberate indifference. See Estell, 429 U.S. at 105. Even if the evidence could be found to support a claim for negligence in

Plaintiff's medical treatment, it is not sufficient to establish deliberate indifference. See Taylor,
221 F.3d at 1258.

## CONCLUSION

Because the evidence in the record is insufficient to permit a finding that Defendants were deliberately indifferent to Plaintiff's serious medical needs, it is hereby **RECOMMENDED** that Defendants' summary judgment motions be **GRANTED**. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO **RECOMMENDED**, this 16th day of January, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge